IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANE and DONNA OCHS,

    Plaintiffs,

v.                              Case No. 6:14-CV-1273-JTM-JPO

LOG HOMES OF AMERICA, INC.,
5 STAR LOG HOMES, KEVIN HYLTON,
SALDIVAR JAVIER PUGA, JUAN PUGA,
and JCO FRAMING, INC.,

    Defendants.

**MEMORANDUM AND ORDER**

    Plaintiffs Shane and Donna Ochs seek monetary damages, both actual and punitive, against defendants Log Homes of America, Inc. ("LHA"), 5 Star Log Homes ("5 Star"), Kevin Hylton, Saldivar Javier Puga, Juan Puga, and JCO Framing, Inc. ("JCO") for alleged breach of contract, negligence, and violations of the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq.* ("KCPA"). Before the court are plaintiffs' three Motions for Default Judgment against defendants JCO, Juan Puga, and Saldivar Puga. Dkts. 13, 14, 15. For the reasons stated below, plaintiffs' motions are denied.

    Plaintiffs commenced this action on August 22, 2014. Dkt. 1. On April 9, 2015, plaintiffs provided proof that defendants JCO, Saldivar Puga, and Juan Puga had been personally served on November 18, 2014. Dkts. 10, 11, 12. As of the date of this Order, defendants JCO, Saldivar Puga, and Juan Puga have failed to respond.[1]

---

[1] The court notes that defendants 5 Star and Hylton responded on December 8, 2014. Dkt. 4. Defendant LHA responded on December 10, 2014. Dkt. 6.

1

Plaintiffs now request that the court enter default judgment against these defendants, presumably based on Federal Rule of Civil Procedure 55 (although plaintiffs' Motions for Default Judgment do not specifically reference this Rule).  However, the process for default judgment, as defined by Rule 55, is necessarily a two-step process:

> Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor.  First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting by affidavit or otherwise that the clerk enter default on the docket.  Second, following an entry of default by the clerk, the party entitled to a judgment by default shall apply to the court therefor.

*McClain v. Swanson, Walker & Assoc., et al.*, 2014 U.S. Dist. LEXIS 44290, at *1-2 (D. Kan. Apr. 1, 2014) (quoting *Williams v. Smithson*, 1995 U.S. App. LEXIS 15168, at *3 (10th Cir. 1995)).  "Failing to observe this 'set sequence' effectively 'asks the court to act out of term.'" *Id.* at *2 (quoting *Lott v. Marietta Mun. Ct.*, 2013 U.S. Dist. LEXIS 177040, at *4-5 (S.D. Ohio Dec. 17, 2013)).

Here, plaintiffs have failed to request, let alone receive a clerk's entry of default.  Because such a significant amount of time has passed since defendants' deadline to respond (defendants were to respond to the Complaint by September 22, 2014), the court now directs the clerk to enter default.

**IT IS THEREFORE ORDERED** this 5th day of May, 2015, that the clerk shall enter default in this matter, pursuant to FED. R. CIV. P. 55(a).

**IT IS FURTHER ORDERED** that defendants Saldivar Javier Puga, Juan Puga, and JCO Framing, Inc. are hereby ordered to show cause, within twenty (20) days of the filing of this Order, as to why the court should not grant plaintiffs' Motions for Default Judgment.

 s/ J. Thomas Marten  
J. Thomas Marten  
Chief Judge