IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANE and DONNA OCHS,

    Plaintiffs,

v.                               Case No. 6:14-CV-1273-JTM-JPO

LOG HOMES OF AMERICA, INC.,
5 STAR LOG HOMES, KEVIN HYLTON,
SALDIVAR JAVIER PUGA, JUAN PUGA,
and JCO FRAMING, INC.,

    Defendants.

**MEMORANDUM AND ORDER**

    Plaintiffs Shane and Donna Ochs seek monetary damages, both actual and punitive, against defendants Log Homes of America, Inc. ("LHA"), 5 Star Log Homes ("5 Star"), Kevin Hylton, Saldivar Javier Puga, Juan Puga, and JCO Framing, Inc. ("JCO") for alleged breach of contract, negligence, and violations of the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq.* ("KCPA"). Before the court are plaintiffs' three Motions for Default Judgment against defendants Saldivar Puga, Juan Puga, and JCO. Dkts. 13, 14, 15. For the reasons stated below, plaintiff's motions are denied without prejudice.

    Plaintiff commenced this action on August 22, 2014. Dkt. 1. Defendants Saldivar Puga, Juan Puga, and JCO failed to respond. On April 9, 2015, plaintiffs therefore filed Motions for Default Judgment against each of these defendants. Dkts. 13, 14, 15. However, in doing so, plaintiffs failed to first seek an entry of default by the clerk. Given the length of time that had passed, the court, in its May 5, 2015, order, directed the clerk to enter default. Dkt. 23, at 3.

1

Also included in this order was an Order directing defendants Saldivar Puga, Juan Puga, and JCO to show cause, within twenty (20) days, as to why the court should not grant plaintiffs' Motions for Default Judgment. Dkt. 23, at 3. Defendants Saldivar Puga, Juan Puga, and JCO failed to respond.

The Tenth Circuit has made clear that "consistent damage awards on the same claim are essential among joint and several torfeasors." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985). In a case with multiple defendants, as is the case here, "judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants." *Wilcox v. Raintree Inns of Am., Inc.*, 1996 WL 48857, at *2 (10th Cir. Feb. 2, 1996); *see also Hermeris, Inc. v. McBrien*, 2011 U.S. Dist. LEXIS 43166 (D. Kan. Apr. 20, 2011) (declining to enter default judgment against two defendants who were alleged to be jointly and severally liable with eight other non-defaulting defendants).

Here, in the Complaint, plaintiffs specifically acknowledge that their claims against all defendants in this matter are based on joint and several liability. Dkt. 1. The court declines to enter judgment against three defendants who are alleged to be jointly and severally liable with two other non-defaulting defendants.

**IT IS THEREFORE ORDERED** this 12th day of August, 2015, that plaintiffs' Motions for Default Judgment against defendants Saldivar Puga, Juan Puga, and JCO (Dkts. 13, 14, 15) are denied without prejudice.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE