IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANE and DONNA OCHS,

    Plaintiffs,

v.                                                              Case No. 6:14-cv-01273-JTM

LOG HOMES OF AMERICA, INC.;
5 STAR LOG HOMES; KEVIN HYLTON;
SALDIVAR JAVIER PUGA; JUAN PUGA;
And JCO FRAMING, INC.,

    Defendants.

**MEMORANDUM AND ORDER**

On December 15, 2016, the court granted defendant Log Homes of America's (LHA) motion for summary judgment. Dkt. 120. The matter is now before the court on plaintiffs' motion to alter or amend that ruling. Dkt. 124. For the reasons set forth below, the court concludes that the motion should be denied.

Under Rule 59(e), grounds warranting a motion to alter or amend include: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Great Plains Ventures, Inc. v. Liberty Mut. Fire Ins. Co.*, 2016 WL 171453, *1 (D. Kan. Apr. 29, 2016). "Thus, a motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. *See also* D. Kan. R. 7.3(a) (party seeking reconsideration of dispositive order must file motion pursuant to Rule 59(e) or 60).

Plaintiffs' motion asserts two specific errors in the court's summary judgment

ruling. First, plaintiffs challenge the conclusion that they failed to cite specific evidence supporting their claim of negligent design. In its summary judgment ruling, the court pointed out that claiming "evidence of negligent design will be found somewhere within their expert's 13-page report is not a sufficient response to summary judgment." Dkt. 120 at 19. Plaintiffs now contend the expert report "brilliantly, clearly and in detail, sets forth the Plaintiffs' negligent log curing claims," and that "citation to the report as a whole was not an obfuscation and was not a hindrance to the Court's decision-making process in this case." Dkt. 124 at 4. "The report should be read as a whole," plaintiffs contend, and "such large portions of it bear directly upon this issue that citation to it as a whole is reasonable because it should be read as a whole for the court to fully understand the meaning of its conclusions." *Id*. at 4-5.

The court again rejects the argument that a general reference to an extensive expert report was a sufficient response to show a genuine issue for trial on plaintiffs' negligence claim. As an initial matter, plaintiffs' failure to cite specific evidence prevented this court (and the defendant) from knowing what particular act of negligence plaintiffs were referring to at any given time, and from determining whether there was sufficient evidence to support such a claim. Plaintiffs' response to summary judgment (Dkt. 110) did not even mention what plaintiffs now characterize as their claim for "negligent log manufacture/preparation/curing." Dkt. 124 at 8.[1] Moreover,

---

[1] Plaintiffs' negligence argument morphs yet again in their reply brief, as they claim to have adequately argued "[n]egligent construction and design of the logs and the plans for the home" in the summary judgment response. Dkt. 128 at 1. The portion of the response they cite – Section II of Dkt. 110 – actually argued there was evidence of "home construction negligence, negligent training of Kevin Hylton[,] and negligent recommendation of Kevin Hylton by LHA…." Dkt. 110 at 22-23.

courts "do not act as advocates for parties, and we will not typically search out the facts necessary to support a litigant's position." *New Mexico Off-Highway Vehicle Alliance v. U.S. Forest Svc.*, 645 F.App'x 795, 803 (10th Cir. Apr. 27, 2016). Regardless of whether the court *could* have located assertions somewhere within plaintiffs' expert deposition or report to support a specific allegation of negligence, it would have been – and would still be - improper for the court to assist plaintiffs in that manner. *See id.* ("under our adversarial system of justice, we 'rely on lawyers to identify the pertinent facts and law'").

Plaintiffs' second claim of error in the summary judgment ruling concerns the court's observation that Nicole Robinson testified she sent an invoice to Donna Ochs in response to a request from Ochs. Dkt. 124 at 11. Plaintiffs argue this fact is controverted by other evidence. Even if it was controverted, however, it would make no difference in the outcome. As the court stated clearly in its order, summary judgment was appropriate for LHA "even assuming that the LHA invoice requesting payment was not sent to Donna Ochs at her request…." Dkt. 120 at 16. In sum, plaintiffs have identified no basis under Rule 59 or 60 for altering or amending the summary judgment ruling.

**IT IS THEREFORE ORDERED** this 3rd day of March, 2017, that plaintiffs' Motion to Alter Judgment (Dkt. 124) is DENIED.

s/ J. Thomas Marten
Chief United States District Judge